CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 07 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY RAY JOHNSON, <br> Petitioner, | Civil Action No. 7:05-CV-00722 |
| v. | **MEMORANDUM OPINION** |
| TRACY S. RAY, et al., <br> Respondent. | By: Hon. Glen E. Conrad <br> United States District Judge |

Larry Ray Johnson, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Johnson is presently incarcerated at Red Onion State Prison. Johnson alleges that he has been deprived of good time credits without due process. He also challenges the prison's use of window flaps as a form of punishment. For the following reasons, the court concludes that Johnson's petition must be dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

To the extent that Johnson seeks the restoration of lost good time credits, Johnson's exclusive cause of action is in habeas. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, pursuant to 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted.[2] If the petitioner has

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

[2] The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971). In this case, it is undisputed that Johnson has not presented his claim pertaining to the deprivation of good time credits to the Supreme Court of Virginia. Johnson acknowledges that the instant petition is his "first habeas," and that he has not presented his claims in any other proceeding. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Johnson's first claim must be dismissed.[3]

In his second claim, Johnson requests an order requiring prison officials to uncover the windows in his cell "to permit scenery." Johnson alleges that prison officials continuously punish him by covering up his windows, in an attempt to "drive [him] insane" or "cause [him] to mutilation or suicide [sic]." Because this claim challenges the constitutionality of Johnson's conditions of confinement, rather than the fact or length of his confinement, it is not actionable under § 2254. Such claims should be raised in a separate civil rights action under 42 U.S.C. § 1983. See Adams v. North Carolina, 530 F.2d 967 (4th Cir. 1975) ("If it is only the conditions of confinement he challenges, then the proper remedy is a suit pursuant to 42 U.S.C. § 1983.").

Court records indicate that Johnson has been advised on at least four prior occasions that he has "three strikes" for purposes of 18 U.S.C. § 1915(g): Johnson v. Deeds, 7:99cv00378; Johnson v. Deeds, 7:99cv00428; Johnson v. Deeds, 7:99cv00806; and Johnson v. Braxton, 7:04cv00080.

---

[3] The petitioner may refile this claim in a federal habeas petition if he is still unsuccessful in obtaining relief after presenting the claim to the Supreme Court of Virginia. The petitioner is advised, however, that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

2

Therefore, he may not bring a civil action under § 1983 without prepayment of the $250.00 filing fee, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The court declines to treat his second claim as a separate civil action unless and until he prepays the $250.00 filing fee or demonstrates that he meets the imminent danger requirement. Thus, to the extent that Johnson's petition sets forth a civil rights action cognizable under § 1983, it shall be dismissed without prejudice pursuant to the "three strikes rule." Johnson may refile this claim if he prepays the $250.00 fee or otherwise satisfies § 1915(g).

For the reasons stated, the court will dismiss Johnson's petition. The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to Johnson and all counsel of record.

ENTER: This 6th day of December, 2005.

United States District Judge